IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | : | CIVIL ACTION |
|---|---|---|
| LINA ABDUL-HASIB, on behalf of herself and others similarly situated | : : | NO. _____ |
| Plaintiff, | : : | |
| v. | : : | COLLECTIVE ACTION |
| AEROTEK, INC., | : : | JURY TRIAL DEMANDED |
| Defendant. | : : | |

## COMPLAINT

Plaintiff Lina Abdul-Hasib ("Plaintiff") brings this collective action lawsuit against Defendant Aerotek, Inc. ("Aerotek"), seeking all available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*., and alleges the following:

## JURISDICTION AND VENUE

1. Jurisdiction is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. Venue is proper under 28 U.S.C. § 1391(b)(1).

## PARTIES

3. Plaintiff is an individual residing in Providence, RI 02908

4. Aerotek is a corporate entity headquartered at 7301 Parkway Drive, Hanover, MD 21076.

5. Aerotek is an employer covered by the FLSA because it employs individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce.

## FACTS

6. Aerotek operates call centers in Maryland, Rhode Island, and many other states.

7. At its call centers, Aerotek directly employs individuals who are paid on an

hourly basis and whose duties include handling customer service phone calls on behalf CVS Health Corporation ("CVS"), a national drug store chain that is one of Aerotek's clients. These individuals will be referred to as "Aerotek/CVS Operators."

8. From approximately September 2014 until approximately September 2015, Aerotek employed Plaintiff as a Aerotek/CVS Operator at its Lincoln, RI call center.

9. Plaintiff and other Aerotek/CVS Operators regularly work (and receive payroll credit and compensation for working) 40 or more hours per week.

10. At the beginning of each shift, Plaintiff and other Aerotek/CVS Operators must arrive at an assigned work station, boot-up an assigned computer, check emails, and access various computer systems, databases, and programs. These activities will be referred to as "start-up activities."

11. The start-up activities performed by Plaintiff and other Aerotek/CVS Operators are integral and indispensable to the servicing of CVS customers. Indeed, Aerotek/CVS Operators repeatedly access, reference, and rely upon the pertinent computer systems, databases, and programs in assisting CVS customers throughout the workday.

12. Plaintiff, in the absence of discovery, estimates that start-up activities took an average of 15-20 minutes per day to complete.

13. Aerotek did not pay Plaintiff and other Aerotek/CVS Operators any compensation for time associated with start-up activities.

14. Because Plaintiff and other Aerotek/CVS Operators regularly work (and receive payroll credit and compensation for working) 40 or more hours per week, the time associated with start-up activities often would qualify for "time and one-half" overtime premium compensation if it were credited by Aerotek.

15. By failing to pay Plaintiff and other Aerotek/CVS Operators for time associated with start-up activities, Aerotek has acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## COLLECTIVE ACTION ALLEGATIONS

16. Plaintiff brings her FLSA claim pursuant to 29 U.S.C. §216(b) as a collective action on behalf of all Aerotek/CVS Operators (as defined in paragraph 7) within the past three years.

17. Plaintiff's FLSA claim should proceed as a collective action because Plaintiff and other Aerotek/CVS Operators, having worked pursuant to the common timekeeping and compensation policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

## COUNT I

18. All previous paragraphs are incorporated as though fully set forth herein.

19. The FLSA requires that employees receive overtime premium compensation "not less than one and one-half times" their regular pay rate for hours worked over 40 per week. *See* 29 U.S.C. § 207(a)(1).

20. Aerotek has violated the FLSA by failing to pay Plaintiff and other Aerotek/CVS Operators any compensation for time associated with start-up activities.

21. In violating the FLSA, Aerotek has acted willfully and with reckless disregard of clearly applicable FLSA provisions and, as such, has willfully violated the FLSA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of herself and other Aerotek/CVS Operators, seeks the following relief:

A. Unpaid wages, prejudgment interest, and liquidated damages;

B. Litigation costs, expenses, and attorneys' fees; and

C. Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial.

Date: June 1, 2017

Respectfully submitted,

/s/ Nicholas A. Migliaccio

Nicholas A. Migliaccio, Esq.
Bar # 29077
Jason Rathod, Esq.
Bar # 18424
Migliaccio & Rathod LLP
412 H Street NE, Suite 302
Washington, DC 20002
(202) 470-3520

Peter Winebrake, Esq.*
R. Andrew Santillo, Esq.*
Mark J. Gottesfeld, Esq.*
Winebrake & Santillo, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
(215) 884-2491

Plaintiff's Counsel

*Pro Hac Vice Admission Anticipated*