IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LINA ABDUL-HASIB, et al.          *

        Plaintiffs          *

      vs.          * CIVIL ACTION NO. MJG-17-1502

AEROTEK, INC.          *

        Defendant          *

*          *          *          *          *          *          *          *          *

MEMORANDUM & ORDER RE: ARBITRATION

The Court has before it Defendant Aerotek, Inc.'s Motion to
Dismiss the Claims of Plaintiffs Abdul-Hasib, Smith, and
McGunigal [ECF No. 8] and the materials relating thereto. The
Court has reviewed the materials provided by the parties and
finds that a hearing is not needed.


I.     BACKGROUND

Plaintiff, Lina Abdul-Hasib ("Abdul-Hasib") filed a
putative collective action against Defendant Aerotek, Inc.
("Aerotek") asserting an unpaid wages claim under the Fair Labor
Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq. Aliyah Smith
("Smith") and Beverly McGunigal ("McGunigal") joined the
putative collective action as party plaintiffs. Aerotek is a
staffing company and has employed both Abdul-Hasib and Smith for

temporary assignments.  There are no records, however,

indicating that McGunigal has ever been employed by Aerotek.

As a part of their employment with Aerotek, Abdul-Hasib and

Smith each entered into a Mutual Arbitration Agreement ("the

Agreement"). <u>See</u> Def.'s Mot. Exs. 2, 3, ECF Nos. 9-2, 9-3.  The

Agreement states, in pertinent part:

> Except (i) as expressly set forth in
> the section, "Claims Not Covered by this
> Agreement," all disputes, claims,
> complaints, or controversies ("Claims") that
> I may have against Aerotek, Inc and/or any
> of its subsidiaries, affiliates, officers,
> directors, employees, agents, and/or any of
> its clients or customers (collectively and
> individually the "Company"), or that the
> Company may have against me, including
> contract claims; tort claims; discrimination
> and/or harassment claims; retaliation
> claims; <u>claims for wages</u>, compensation,
> penalties or restitution; and any other
> claim under any federal, state, or local
> statute, constitution, regulation, rule,
> ordinance, or common law, arising out of
> and/or directly or indirectly related to my
> application for employment with the Company,
> and/or my employment with the Company,
> and/or the terms and conditions of my
> employment with the Company, and/or
> termination of my employment with the
> Company (collectively "Covered Claims"), <u>are
> subject to confidential arbitration</u> pursuant
> to the terms of this Agreement and will be
> resolved by Arbitration <u>and NOT by a court
> or jury</u>. The parties hereby forever waive
> and give up the right to have a judge or a
> jury decide any Covered Claims.

<u>Id.</u> at 1 (emphasis added).

It further states:

No Covered Claims may be initiated or maintained on a class action, collective action, or representative action basis either in court or arbitration ["the Class Action Waiver"];

A court of competent jurisdiction, not an arbitrator, must resolve issues concerning the enforceability or validity of the class action, collective action, or representative action waiver set forth above;

If, for any reason, the class action, collective action, or representative action waiver is held unenforceable or invalid in whole or in part, then a court of competent jurisdiction, not an arbitrator, will decide the type of claim as to which the waiver was held unenforceable or invalid;

All claims must be brought in a party's individual capacity and unless the parties expressly agree in writing, Covered Claims may not be joined or consolidated in court or arbitration with other individuals' claims, and no damages or penalties may be sought or recovered on behalf of other individuals;

. . . .

Claims Not Covered by this Agreement

Workers' compensation benefits, unemployment compensation benefits, claims for benefits under a plan that is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), and claims which are subject to the exclusive jurisdiction of the NLRB; and

Any claim that is expressly precluded from arbitration by a governing federal law or by a state law that is not preempted by the Federal Arbitration Act ("FAA") or other federal law.

Id.

The Agreements were signed electronically; Abdul-Hasib
signed on February 18, 2017, and Smith signed on November 12,
2015.  Id.

By its Motion to Dismiss, Aerotek seeks dismissal of Abdul-
Hasib and Smith's claims without prejudice to their ability to
pursue the claims in arbitration.  For reasons stated herein,
the Court shall grant Aerotek's dismissal motion.

Aerotek also seeks dismissal of McGunigal's claims because
she cannot establish the requisite employer-employee
relationship.[1]  McGunigal has subsequently withdrawn her consent
to join this litigation. Notice, ECF No. 17; Opp'n 1 n.1, ECF
No. 18.  Therefore, McGunigal's claim shall be dismissed.


II.  LEGAL SETTING

The Federal Arbitration Act ("FAA") reflects a strong
federal policy favoring arbitration, and courts are thus

---

[1]    McGunigal does not allege to have worked for Aerotek, and
according to her LinkedIn page, she is employed by a company
called Connexions as a CVS Caremark Customer Care
Representative.  Abdul-Hasib and Smith both worked assignments
for Aerotek at its client, CVS, but the claims in the instant
lawsuit are against Aerotek, not CVS.  Therefore, McGunigal
fails to state a claim against Aerotek, because "FLSA conditions
liability on the existence of an employer-employee relationship,
and the employee bears the burden of alleging and proving the
existence of that relationship."  Kerr v. Marshall Univ. Bd. of
Governors, 824 F.3d 62, 83 (4th Cir. 2016).

required "rigorously [to] enforce agreements to arbitrate." Shearson/American Exp., Inc. v. McMahon, 482 U.S. 220, 226 (1987). However, this liberal policy does not operate to compel arbitration of issues that do not fall within the scope of the parties' arbitration agreement.

Before compelling an unwilling party to arbitration, a court must "engage in a limited review to ensure that the dispute is arbitrable - i.e., that a valid agreement to arbitrate exists between the parties and that the specific dispute falls within the substantive scope of that agreement." Murray v. United Food and Commercial Workers Int'l Union, 289 F.3d 297, 302 (4th Cir. 2002). A court must compel arbitration if "(i) the parties have entered into a valid agreement to arbitrate, and (ii) the dispute in question falls within the scope of the arbitration agreement." Chorley Enters., Inc. v. Dickey's Barbecue Rests., Inc., 807 F.3d 553, 563 (4th Cir. 2015), cert. denied, 136 S. Ct. 1656 (2016).

The party seeking to arbitrate must establish only two facts: "(1) [t]he making of the agreement and (2) the breach of the agreement to arbitrate." Mercury Constr. Corp. v. Moses H. Cone Mem'l Hosp., 656 F.2d 933, 939 (4th Cir. 1981). The Court must particularly "avoid reaching the merits of arbitrable issues." Id. (citing Drivers, Chauffeurs, etc. v. Akers Motor Lines, 582 F.2d 1336, 1342 (4th Cir. 1978)).

III. DISCUSSION

Abdul-Hasib and Smith do not dispute that they signed the Agreement, nor do they dispute that their claims are within the scope of the Agreement's covered claims. By filing the instant lawsuit, Abdul-Hasib and Smith have breached the Agreement. However, Abdul-Hasib and Smith assert that the Class Action Waiver contained within the Agreement is not enforceable, and therefore, the Court must deny Aerotek's dismissal motion or alternatively, the Court should wait for the United States Supreme Court's decision on the validity of class action waivers in employment contracts.[2]

Under current Fourth Circuit precedent, class action waivers have been held permissible. See Hayes v. Delbert Servs. Corp., 811 F.3d 666, 674 (4th Cir. 2016); see also Muriithi v. Shuttle Exp., Inc., 712 F.3d 173, 180-81 (4th Cir. 2013) (holding that the class action waiver was not unconscionable in the context of a Maryland Franchise Law claim); Adkins v. Labor Ready, Inc., 303 F.3d 496, 506 (4th Cir. 2002) (holding that FLSA claims may be resolved in individual arbitration). As

_____

[2] The Supreme Court granted certiorari on January 12, 2017, in three consolidated FLSA cases to resolve a split in the appeals courts on whether a class-action waiver is invalid or unenforceable because it waives employees' substantive rights under the National Labor Relations Act. See National Labor Relations Board v. Murphy Oil USA, Inc., 137 S. Ct. 809 (2017); Epic Sys. Corp. v. Lewis, 137 S. Ct. 809 (2017); Ernst & Young, LLP v. Morris, 137 S. Ct. 809 (2017). Oral argument was held on October 2, 2017.

Plaintiffs have noted, the two district courts in the Fourth Circuit to have specifically addressed class action waivers in the context of the FLSA and the National Labor Relations Act ("NLRA") have found such waivers valid and enforceable.[3]  See Pls.' Opp'n 4 n.4, ECF No. 18 (citing CarMax Auto Superstores, Inc. v. Sibley, 215 F. Supp. 3d 430, 435-36 (D. Md. 2016)(Titus, J.); Green v. Zachry Indus., Inc., 36 F. Supp. 3d 669, 674-75 (W.D. Va. 2014) (Conrad, J.)).

Importantly, even if this Court were to find that the Class Action Waiver was not enforceable, this would not affect the enforceability of the arbitration provision of the Agreement, which is severable and remains intact.  See Agreement 2, Def.'s Mot. Exs. 2, 3, ECF Nos. 9-2, 9-3 ("If any court of competent jurisdiction finds any part or provision of this Agreement void, voidable, or otherwise unenforceable, such a finding will not affect the validity of the remainder of the Agreement, and all other parts and provisions remain in full force and effect.").[4]

Further, while not dispositive, the Court also notes that a putative class or collective action representative's claim is

---

[3]   The Fourth Circuit has not spoken decisively on the specific issue of whether class action waivers violate the NLRA, placing AT&T Mobility Servs., LLC v. National Labor Relations Board (Nos. 16-1099, 16-1159) in abeyance pending the Supreme Court's decision.
[4]   Presumably, if the Supreme Court holds that class-action waivers are not enforceable in this context, Plaintiffs could choose to arbitrate their claims collectively rather than individually.

brought individually to the extent that the Court has not yet made the findings necessary to conditionally certify a collective action under FLSA, 29 U.S.C. § 216(b), or a class action under the Federal Rules of Civil Procedure, Fed. R. Civ. P. 23. As such, the individual claim is arbitrable under the Agreement.

Accordingly, the Court concludes that Abdul-Hasib and Smith's claims are subject to a valid and enforceable arbitration agreement.


IV.  <u>CONCLUSION</u>

For the foregoing reasons:

    1.  Defendant Aerotek, Inc.'s Motion to Dismiss the Claims of Plaintiffs Abdul-Hasib, Smith, and McGunigal [ECF No. 8] is GRANTED.

        a.  Plaintiffs Abdul-Hasib and Smith's claims are dismissed without prejudice.

        b.  Plaintiff McGunigal's claim is dismissed for failure to state a claim.

    2.  Judgment shall be entered by separate Order.


SO ORDERED, on <u>Wednesday, November 29, 2017</u>.


_____/s/_____
Marvin J. Garbis
United States District Judge
